IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

SANDRA J. SILVER,

       Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

No. C15-0143

RULING ON JUDICIAL REVIEW

## TABLE OF CONTENTS

*I.*    *INTRODUCTION* ........................................ 2

*II.*   *PRINCIPLES OF REVIEW* ............................... 2

*III.*  *FACTUAL AND PROCEDURAL BACKGROUND* ............... 4

*IV.*  *CONCLUSIONS OF LAW* ................................. 5
     *A.*   *ALJ's Disability Determination* ...................... 5
     *B.*   *Objections Raised By Claimant* ....................... 7
          *1.*   *Dr. Angenend's Pertinent Medical Opinions* ........ 8
          *2.*   *Applicable Law* ............................... 9
          *3.*   *Discussion* ................................. 11
     *C.*   *Reversal or Remand* ............................. 14

*V.*   *CONCLUSION* ...................................... 15

*VI.*  *ORDER* ........................................... 15

## I. INTRODUCTION

This matter comes before the Court on the Complaint (docket number 3) filed by Plaintiff Sandra J. Silver on December 30, 2015, requesting judicial review of the Social Security Commissioner's decision to deny her application for Title II disability insurance benefits.[1] Silver asks the Court to reverse the decision of the Social Security Commissioner ("Commissioner") and order the Commissioner to provide her disability insurance benefits. In the alternative, Silver requests the Court to remand this matter for further proceedings.

## II. PRINCIPLES OF REVIEW

The Commissioner's final determination not to award disability insurance benefits following an administrative hearing is subject to judicial review. 42 U.S.C. § 405(g). The Court has the authority to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id.* The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

The Court "'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is defined as less than a preponderance of the evidence, but is relevant evidence a "'reasonable mind would find adequate to support the commissioner's conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014). In determining whether the ALJ's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citation omitted). "The findings of the

---

[1] On August 30, 2016, both parties consented to proceed before a magistrate judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g). The Court not only considers the evidence which supports the ALJ's decision, but also the evidence that detracts from his or her decision. *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012)

In *Culbertson v. Shalala*, the Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "'something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.'"

30 F.3d 934, 939 (8th Cir. 1994). In *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011), the Eighth Circuit further explained that a court "'will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" "'An ALJ's decision is not outside that zone of choice simply because [a court] might have reached a different conclusion had [the court] been the initial finder of fact.'" *Id.* Therefore, "even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). *See also Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) ("'As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently.' *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).").

### III. FACTUAL AND PROCEDURAL BACKGROUND

Silver was born in 1968. She is a high school graduate. She also earned an Associate's degree in nursing. In the past, she worked as an office nurse and a pediatric nurse practitioner.

Silver filed her application for disability insurance benefits on April 18, 2012, alleging disability due to back injury with neuralgia, fibromyalgia, asthma, and depression. She alleged she became disabled on September 1, 2011. Her application was denied upon initial review, and on reconsideration. On March 18, 2014, Silver appeared via video conference with her attorney before Administrative Law Judge ("ALJ") Jo Ann L. Draper for an administrative hearing.[2] In a decision dated June 9, 2014, the ALJ denied Silver's claim. The ALJ determined Silver was not disabled and not entitled to disability insurance benefits because she was functionally capable of performing work that exists in significant numbers in the national economy. Silver appealed the ALJ's decision. On October 30, 2015, the Appeals Council denied Silver's request for review. Consequently, the ALJ's June 9, 2014 decision was adopted as the Commissioner's final decision.

On December 30, 2015, Silver filed the instant action for judicial review. A briefing schedule was entered on April 11, 2016. On July 17, 2016, Silver filed a brief arguing that there is no substantial evidence in the record to support the ALJ's finding that she is not disabled and that she is functionally capable of performing other work that exists in significant numbers in the national economy. On August 11, 2016, the Commissioner filed a responsive brief arguing that the ALJ's decision was correct and asking the Court to affirm the ALJ's decision.

---

[2] At the administrative hearing, Silver was represented by attorney Laura Seelau. On appeal, Silver is represented by attorneys Corbett A. Luedeman and Thomas A. Krause.

Additionally, on June 28, 2016, both parties together filed a joint statement of facts addressing Silver's background, the case's procedural history, testimony from the administrative hearing, and Silver's medical history. *See* docket number 11. The parties' joint statement of facts is hereby incorporated by reference. Further discussion of pertinent facts will be addressed, as necessary, in the Court's consideration of the legal issues presented.

## IV. CONCLUSIONS OF LAW

### A. ALJ's Disability Determination

The ALJ determined Silver was not disabled. In making this determination, the ALJ was required to complete the five-step sequential test provided in the social security regulations. *See* 20 C.F.R. § 404.1520(a)-(g); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Moore v. Colvin*, 769 F.3d 987, 988 (8th Cir. 2014). The five steps an ALJ must consider are:

> (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work.

*Hill v. Colvin*, 753 F.3d 798, 800 (8th Cir. 2014); *see also* 20 C.F.R. § 404.1520(a)-(g). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

In considering the steps in the five-step process, the ALJ:

> first determines if the claimant engaged in substantial gainful activity. If so, the claimant is not disabled. Second, the ALJ determines whether the claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ considers the severity of the

impairment, specifically whether it meets or equals one of the listed impairments. If the ALJ finds a severe impairment that meets the duration requirement, and meets or equals a listed impairment, then the claimant is disabled. However, the fourth step asks whether the claimant has the residual functional capacity to do past relevant work. If so, the claimant is not disabled. Fifth, the ALJ determines whether the claimant can perform other jobs in the economy. If so, the claimant is not disabled.

*Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). At the fourth step, the claimant "'bears the burden of demonstrating an inability to return to [his] or her past relevant work.'" *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). If the claimant meets this burden, the burden shifts to the Commissioner at step five to demonstrate that "'the claimant has the physical residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with [his or] her impairments and vocational factors such as age, education, and work experience.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The RFC is the most an individual can do despite the combined effect of all of his or her credible limitations. 20 C.F.R. § 404.1545(a); *Toland v. Colvin*, 761 F.3d 931, 935 (8th Cir. 2014). The ALJ bears the responsibility for determining "'a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his or] her limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013); 20 C.F.R. § 404.1545.

The ALJ applied the first step of the analysis and determined Silver had not engaged in substantial gainful activity since September 1, 2011. At the second step, the ALJ concluded from the medical evidence Silver has the following severe impairments: obesity, degenerative disc disease of the spine status post fusions, asthma, depressive disorder, and panic disorder. At the third step, the ALJ found Silver did not have an

impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

At the fourth step, the ALJ determined Silver's RFC as follows:

> [Silver] has the residual functional capacity to perform sedentary work . . . except [she] is limited to lifting and carrying up to ten pounds occasionally and five pounds frequently. [She] can stand and walk two hours a day and sit from six to eight hours a day. [She] should be able to change postural positions approximately every thirty minutes. This would include briefly rising from a seated position to stand or walk two to three minutes before returning to a seated position, without leaving the work station. [Silver] can only occasionally climb, balance, stoop, and crouch. [She] can never kneel or crawl. [She] should have no more than occasional exposure to extremes in temperature such as heat and cold or humidity or more than occasional exposure to pulmonary irritants such as fumes, odors, dusts, and gases. [She] should have no exposure to hazardous conditions such as working around heights or moving machinery. [Silver] should never climb ladders, ropes, or scaffolds. [She] would be precluded from performing highly detailed and highly complex job tasks, but she could understand, remember, and carry out SVP 3 to 4 level tasks.

(Administrative Record at 645.) Also at the fourth step, the ALJ determined Silver is unable to perform her past relevant work. At the fifth step, the ALJ determined that based on her age, education, previous work experience, and RFC, Silver could work at jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded Silver was not disabled.

## B. Objections Raised By Claimant

Silver argues the ALJ failed to properly evaluate and weigh the opinions of Dr. Nancy Angenend, M.D., a treating source. Silver further asserts that due to the ALJ's failure to properly evaluate Dr. Angenend's opinions, the ALJ's RFC assessment is flawed and fails to accurately account for her functional limitations. Silver maintains the ALJ's

7

RFC assessment is not supported by substantial evidence, and therefore, remand is necessary for a finding of disability and calculation of payment of benefits, or further consideration of Dr. Angenend's opinions.

### 1. Dr. Angenend's Pertinent Medical Opinions

On January 21, 2013, at the request of Silver's attorney, Dr. Nancy Angenend, M.D., filled out a "Pain-Physical Residual Functional Capacity Questionnaire" for Silver. Dr. Angenend diagnosed Silver with intervertebral disc disorder with myelopathy and right leg weakness. Dr. Angenend noted Silver suffers from sharp pain in her low back and right leg. Her pain is managed by chronic pain medication and an internal TENS unit, a device surgically infused into her spine. She also wears a back brace and uses a walker due to her low back and right leg pain. Dr. Angenend noted Silver's pain medication causes her drowsiness and nausea. Dr. Angenend opined that Silver's pain and physical condition is also affected by depression and anxiety. Dr. Angenend indicated Silver's experience of pain and other physical symptoms "frequently" interferes with her attention and concentration. Dr. Angenend addressed Silver's functional limitations and found she: (1) can walk less than 1 city block; (2) can sit for 30 minutes at one time before needing to change positions; (3) can stand for 15 minutes at one time before needing to change positions; (4) can sit and stand/walk less than 2 hours in an 8-hour workday; (5) needs to take 1-3 daily unscheduled breaks during a typical 8-hour workday in order to lie down for 5-30 minutes; (6) should rarely lift less than 10 pounds; (7) can rarely twist or climb stairs; and (8) should never stoop, crouch, or climb ladders. Lastly, Dr. Angenend opined Silver would miss 4 or more days of work per month due to her impairments or treatment for her impairments.

On March 15, 2014, Dr. Angenend wrote a letter describing Silver's health concerns and functional abilities. In the letter, Dr. Angenend stated:

Silver has been a patient of mine for several years. She has chronic issues with severe back pain since she had a back injury several years ago. The pain persists despite treatment including physical therapy, pain management visits with epidural blocks and trigger point injections, surgically implanted devices to help desensitize the nerves and chronic daily narcotic use. Her functional capacity is quite diminished as a result of her chronic pain. The pain limits her ability to walk, sit for any length of time or stand for more than a few minutes at a time. She is unable to do any lifting, twisting, stooping, or bending. She even struggles to attend to activities of daily living including cooking, bathing and dressing as a result of her pain. Her right leg is also chronically numb and weak due to the nature of her pain and nerve damage from chronic impingement. She is also on chronic pain management which can impact her mental status which would also limit her capacity to work.

(Administrative Record at 1675.)

### 2. *Applicable Law*

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with claimant's impairments and vocational factors such as age, education, and work experience. *Beckley*, 152 F.3d at 1059. The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *Guilliams*, 393 F.3d at 803; *see also Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (same). Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own description of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson*, 361 F.3d at 1070). While an ALJ must consider all of the relevant evidence when determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some

support in the medical evidence of record." *Casey*, 503 F.3d at 697 (citing *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004)).

Furthermore, an ALJ is required to "assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence of the record." *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (citing *Prosch v Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions." *Id.*; *see also Travis*, 477 F.3d at 1041 ("A physician's statement that is 'not supported by diagnoses based on objective evidence' will not support a finding of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). If the doctor's opinion is 'inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight.' *Id.*"). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Hamilton v. Astrue*, 518 F.3d 607, 609 (8th Cir. 2008).

Also, the regulations require an ALJ to give "good reasons" for assigning weight to statements provided by a treating physician. *See* 20 C.F.R. § 404.1527(c)(2). An ALJ is required to evaluate every medical opinion he or she receives from a claimant. 20 C.F.R. § 404.1527(d). If the medical opinion from a treating source is not given controlling weight, then the ALJ considers the following factors for determining the weight to be given to all medical opinions: "(1) examining relationship, (2) treating relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors." *Wiese*, 552 F.3d at 731 (citing 20 C.F.R. §§ 404.1527(c)). "'It is the ALJ's function to resolve

conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.'" *Wagner*, 499 F.3d at 848 (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)). The decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. SSR *96-2P*, 1996 WL 374188 (1996).

Finally, an ALJ has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007); *Sneed v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004); *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

### 3. *Discussion*

In her decision, the ALJ reviewed the findings of Dr. Angenend with regard to Silver's functional abilities.[3] The ALJ also reviewed and weighed Dr. Angenend's opinions:

---

[3] *See* Administrative Record at 65.

The undersigned gives this opinion little weight. Dr. Angenend did not have the benefit of reviewing the other medical reports contained in the current record. Additionally, Dr. Angenend's own treatment notes fail to reveal the type of significant clinical and laboratory abnormalities one would expect if [Silver] was in fact disabled. Accordingly, the undersigned gives this opinion little weight.

(Administrative Record at 651-52.)

In reviewing the ALJ's decision, the Court bears in mind that an ALJ has a duty to develop the record fully and fairly. *Cox*, 495 F.3d at 618. Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quotation omitted). Furthermore, if an ALJ rejects the opinions of a treating physician, the regulations require that the ALJ give "good reasons" for rejecting those opinions. *See* 20 C.F.R. § 404.1527(d)(2).

The Court finds the ALJ has not fully met these requirements. While the ALJ asserts Dr. Angenend did not have the benefit of reviewing other medical records, Silver points out in her brief that she engaged in 120 office visits or telephone calls with Dr. Angenend from September 2, 2011 to June 30, 2014.[4] Silver also points out that over that period of time Dr. Angenend ordered multiple lab tests, x-rays, MRIs, CT scans, and other tests.[5] Moreover, while the ALJ does not address any particular medical records Dr. Angenend lacked access to, the Commissioner, in her brief, refers to reports from Dr. Jennifer Wigton, Ph.D., a consultative non-examining psychologist, Dr. Randall Watkins, Ph.D., a consultative examining psychologist, and Dr. Matthew Byrnes, D.O.,

---

[4] *See* Silver's Brief (docket number 14) at 6 (providing citations to the administrative record for the 120 interactions).

[5] *Id.* at 6-7 (providing citations to the administrative record for the various tests).

a consultative non-examining physician. The Court is unpersuaded that these reports have any relevance to a proper consideration of Dr. Angenend's opinions. Dr. Wigton and Dr. Watkins addressed Silver's mental health problems, not her physical health problems involving her low back pain or right leg pain. Unlike Dr. Angenend who is a long-time treating physician, Dr. Byrnes is a one-time consultative physician who did not even examine Silver. The Court does not find Dr. Angenend's inability to review Dr. Byrnes' opinions or the opinions of the two psychologists to be a "good" reason for providing "little" weight to Dr. Angenend's opinions. Second, the ALJ offers an unclear and vague suggestion that a single treatment note from Dr. Angenend does not reveal a significant clinical or laboratory abnormality showing Silver is disabled. The Court is unpersuaded by this reason. The record demonstrates a large number of treatment notes from Dr. Angenend.[6] It makes little sense to focus on a single treatment note that does not reveal a "significant" clinical or laboratory abnormality to discount Dr. Angenend's opinions. Furthermore, in addition to having three separate back surgeries during the relevant time period, Silver in her brief, outlines 18 different doctor's visits focusing on Silver's difficulties with low back and right leg pain, and the affect her pain has on her functional abilities.[7] The Court finds such evidence relevant to proper consideration of Dr. Angenend's opinions.

Under such circumstances, and having reviewed the entire record, the Court concludes the ALJ has failed to give "good reasons" for rejecting the opinions of Dr. Angenend. *See Tilley*, 580 F.3d at 680 ("The regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating source's opinion."). The Court further finds that the ALJ failed in her duty to fully and fairly develop the record with

---

[6] *See* footnote 4.

[7] *See* Silver's Brief (docket number 14) at 7-12.

13

regard to Dr. Angenend's opinions. Accordingly, the Court determines that this matter should be remanded for further consideration of Dr. Angenend's opinions. On remand, the ALJ shall provide clear reasons for accepting or rejecting Dr. Angenend's opinions and support her reasons with evidence from the record. The ALJ must also reconsider her RFC assessment in accordance with her reconsideration of Dr. Angenend's opinions.

## C. Reversal or Remand

The scope of review of the Commissioner's final decision is set forth in 42 U.S.C. § 405(g) which provides in pertinent part:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). The Eighth Circuit Court of Appeals has stated that:

> Where the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his [or her] disability by medical evidence on the record as a whole, we find no need to remand.

*Gavin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987); *see also Beeler v. Brown*, 833 F.2d 124, 127 (8th Cir. 1987) (finding reversal of denial of benefits was proper where "the total record overwhelmingly supports a finding of disability"); *Stephens v. Sec'y of Health, Educ., & Welfare*, 603 F.2d 36, 42 (8th Cir. 1979) (explaining that reversal of denial of benefits is justified where no substantial evidence exists to support a finding that the claimant is not disabled). In the present case, the Court concludes the medical records as a whole do not "overwhelmingly support a finding of disability." *Beeler*, 833 F.2d at 127. Instead, the ALJ simply failed to fully and fairly develop the record with regard to the opinions of Dr. Angenend.

## V.  CONCLUSION

The Court concludes that this matter should be remanded to the Commissioner for further proceedings.  On remand, the ALJ must fully and fairly develop the record with regard to the opinions of Dr. Angenend.  The ALJ must provide clear reasons for accepting or rejecting the opinions of Dr. Angenend.  The ALJ must support her reasons for accepting or rejecting  Dr. Angenend's opinions with evidence from the record.  The ALJ shall also reconsider her RFC assessment in accordance with her reconsideration of Dr. Angenend's opinions.

## VI.  ORDER

For the foregoing reasons, it is hereby **ORDERED**:

This matter is **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this _10th_ day of November, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA