IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SANDRA J. SILVER,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 15-CV-143-CJW<br><br>**ORDER** |

_____

This matter is before the Court pursuant to plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) filed on April 21, 2018, (Doc. 25), requesting attorney fees in the amount of $19,694.25. Plaintiff attaches exhibits to the application. (Doc. 25-1).

In response, defendant filed "Defendant's Response To Plaintiff's Motion For Attorney Fees Under 42 U.S.C. § 406(b), (Doc. 28), stating defendant has no objection to plaintiff's request for attorney fees in the amount of $19,694.25. In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the attorney's fees are payable to plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States.

The Court is aware in some cases a fee agreement between the plaintiff and his/her lawyer may exist, where plaintiff has assigned his/her fee award to his/her attorney, the court is bound to enforce the statutes passed by Congress. The fee agreement is between plaintiff and his/her attorney, and the Court will not disturb or enforce the provisions of the agreement when awarding fees based upon the provisions of a statute. However, the check made payable to Sandra J. Silver, the plaintiff, may be delivered to plaintiff's attorney. This court has previously found that such a request is appropriate if it is

consistent with the Commissioner's and the Department of Treasury's practices. *Kunik v. Colvin*, No. C13-3025-LTS, 2014 WL 1883804, at *3 (N.D. Iowa May 12, 2014); *Tracy v. Colvin*, No. C11-3072-MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013).

Plaintiff prevailed in a civil action against the Commissioner of Social Security. (Doc. 19). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that the Commissioner's decision should be remanded for further consideration. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended. (Doc. 25-1). Neither the Commissioner nor this Court consider the amount agreed upon by the parties to be unreasonable under the circumstances. Finally, this Court is unaware of any special circumstances which would render the award unjust.

Therefore, attorney fees are **granted** in the agreed upon amount of $19,694.25 payable to the plaintiff, by the Social Security Administration, and mailed to plaintiff's attorney's address after any offset. As plaintiff acknowledged, however, this Court previously awarded plaintiff attorney's fees in the amount of $6,293.08 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc.25, at 2). When a court awards a plaintiff's attorney fees under both EAJA and § 406(b), the attorney must refund the amount of the smaller fee received to the plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Therefore, plaintiff's counsel is ordered to refund to plaintiff the sum of $6,293.08.

**IT IS SO ORDERED** this 16th day of May, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa